The President, Directors and Company of the Pittsfield Bank *vs.* Albert M. Howk & others.

After the repeal of *St.* 1855, *c.* 238, and before the enactment of the General Statutes, the levy of an execution upon land subject to a right of homestead acquired under the former statute might properly be made by deducting from the appraised value of the land the sum of eight hundred dollars for the right of homestead, and applying the residue to the satisfaction of the execution.

If, since the repeal of *St.* 1855, *c.* 238, and before the enactment of the General Statutes creditors have levied their execution upon land subject to a right of homestead acquired under the former statute, this court has authority in equity to appoint commissioners to set off the right of homestead by metes and bounds, and to put the creditors in possession of the residue.

Merrick, J. This is a bill in equity in which the plaintiffs seek, first, to redeem the described premises from a mortgage

thereon held by the defendant Hill; and, secondly, to procure a homestead right therein, acquired by A. M. Howk for himself and the other defendants, to be duly set out and assigned to him, and that the plaintiffs may thereupon have possession of the residue of the estate, and hold the same to their own use in severalty. The defendants deny that the plaintiffs have any title to the premises, or any right to redeem or have possession thereof.

It appears from the report of the judge before whom the cause came on to be heard, that said A. M. Howk acquired, under the provisions of *St.* 1855, *c.* 238, a homestead right in the premises for himself, his wife and children, and that he afterwards made to said Hill the mortgage mentioned in the bill; and that the plaintiffs, having recovered judgment against said Howk, upon a contract made after said statute took effect, caused the execution which issued thereon to be levied on the premises in satisfaction thereof. This levy the defendants allege was made in disregard of the right of homestead of said Howk and of his wife therein, and they contend that for this reason the levy was inoperative and void.

This levy was made by setting off the premises upon the appraisement of three disinterested men, as required by the statute; and the appraisers, having deducted from the sum at which they appraised the above estate the amount of the mortgage and interest thereon, and also the further sum of eight hundred dollars, for the value of the right of homestead acquired as aforesaid by said Howk, the balance was applied to the full satisfaction of the execution and all costs incurred in the levy thereof. If this course of proceeding was correct and legal, the plaintiffs acquired thereby a good title to the premises; and the objection of the defendants to the validity of the levy of the execution must necessarily fail.

So far as these proceedings relate to the mortgage, they were certainly correct; for they are expressly authorized and provided for by the statute. Rev. Sts. *c.* 73, § 31. It remains therefore only to be considered whether the value of the homestead right of Howk was also properly deducted from the appraisement, leaving only the balance of the appraised value of the estate to

be applied in satisfaction of the execution.   This depends upon the provisions of the statutes which were then in force.

By Rev. Sts. *c.* 73, § 1, it is provided that all the real estate of a debtor, whether in possession, reversion or remainder, and all rights of redeeming mortgaged lands, may be taken in execution for his debts.   But by *St.* 1855, *c.* 238, § 1, the homestead farm or the lot and building thereon of the debtor, to the value of eight hundred dollars, is exempted from sale or levy on any execution.   But if the farm or lot of land in which this homestead right exists is of greater value than eight hundred dollars, the excess may be seized and taken on execution.   And the last named statute particularly provided in what manner an officer having in his hands an execution to be served should proceed, when required by the creditor to levy it upon lands wherein such right of homestead exists. § 6.   But this statute was afterwards wholly repealed, saving only that the repeal should not affect any rights which might have been acquired under it.   *St.* 1857, *c.* 298, § 18.   Thus all the rights of homestead which were acquired under the provisions of *St.* 1855 were protected and secured, but the particular method which is there prescribed, as the course to be pursued when a creditor should desire to seize the excess in the value of the land beyond the homestead right in satisfaction of his debt, was abrogated.   And as to those estates in which a homestead right was acquired under that statute, no subsequent statute, until the enactment of the General Statutes, made any provision in relation to the manner in which an excess in value above the homestead right should or might be taken or seized on execution, or applied to the satisfaction of the debt of a creditor.   The *St.* of 1857, *c.* 298, § 15, made a special provision in relation to similar cases, but limited its application expressly to estates in which homestead rights should be acquired under that act.   So that as the law was in January 1860, when the plaintiffs caused their execution to be levied on the premises, they had a right to take on execution, as they did, all the land of the debtor in which homestead rights had been acquired under the *St.* of 1855, in satisfaction of their debts, except the value of eight hundred dollars, which was

exempted from such seizure as the homestead right. And since there was no special provision as to the mode in which this right should be exercised, the creditor could only cause his execution to be levied, in the manner in which the statute requires all levies to be made, upon that portion of the land which was not exempt from attachment or seizure thereon; and this could only be effected by deducting from the amount of the appraisement of the whole estate the sum of eight hundred dollars, the statute value of the homestead right. The plaintiffs did cause the officer to proceed in this manner; and the levy of the execution made by him on the premises was therefore correct and legal; and the effect of it is to transfer the title thereto, subject to preëxisting incumbrances, to the plaintiffs.

They are therefore entitled to redeem the same from the mortgage to Hill; and a decree to that effect should accordingly be made in their behalf. But after the redemption, the homestead right of Howk and his family will remain; and each of the parties ought then to be in the full enjoyment of the use and occupation of the estate in proportion to the interest therein respectively belonging to them. This can be accomplished only by a proper division of it, assigning to each the portion to which they are severally justly entitled. And as the statute makes no provision in relation to a partition between the parties when the right of homestead has been acquired by one of them under the *St.* of 1855, it is a necessary implication from the existence of their rights that such decrees must be made by the court as will effectuate the purposes of the law, and secure to each of the parties the possession of such portion of the estate as they are respectively legally entitled to hold. For this purpose, commissioners should, upon the redemption of the premises, be appointed by the court to set off and assign by metes and bounds to Howk and his family their homestead right in the premises. And when their report is made and accepted by the court, the proper writ should issue to put the plaintiffs in possession of all the remaining portion of the estate.

*A. J. Waterman,* for the plaintiffs.

*J. E. Field,* for the defendants.